IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BRITTANY BAKER, | ) |
| Plaintiff, | ) CASE NO. 3:17-CV-472-WKW-TFM |
| v. | ) |
| | ) JURY TRIAL REQUESTED |
| AUBURN BANK, | ) |
| Defendant. | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, Brittany Baker, *pro se*, and hereby doth complain against the above-named Defendant, as set forth herein-below.

### I. JURISDICTION & VENUE

1. Plaintiff Brittany Baker files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §§ 1331 and 1334 (a)(4), as an action arising under the Act of Congress known as Title VII of the Civil Rights Act of 1964, (42 U.S.C. § 2000(e) et seq.), as amended by the 1991 Civil Rights Act, 42 U.S.C. § 1981(a); and 42 U.S.C. § 1201, et seq., to obtain equitable relief, the costs of suit, including other fees, and damages suffered by the Plaintiff, due to the Defendant's discrimination against Plaintiff.

2. Plaintiff Baker filed a charge of race discrimination with the EEOC in Birmingham on August 24, 2016. Plaintiff received a right-to-sue on May 30, 2017, giving Plaintiff the right to pursue this claim in federal court for 90 days after said receipt.

3. Venue is proper in the Eastern Division of the Middle District of Alabama, since the alleged discriminating action of Defendant occurred in Lee County, Alabama.

1

## II. PARTIES

4.      The named Plaintiff, Brittany Baker (hereinafter "Plaintiff" or "Ms. Baker"), is a citizen of the United States and a resident of Macon County, Alabama. Plaintiff is over the age of nineteen years.

5.      The Defendant, Auburn Bank (hereinafter "Defendant" or "Auburn Bank"), does business and is located in Lee County, Alabama. At all times relevant to this complaint, Plaintiff was employed, and continues to be employed, by Defendant.

## III. STATEMENT OF FACTS

6.      Ms. Baker is a thirty-one year female of African-American descent. Ms. Baker began working at Auburn Bank on or about April 3, 2014, as a Bookkeeping Clerk. On or about March 30, 2015, Ms. Baker was promoted to Assistant Bookkeeping Manager.

7.      Ms. Baker avers several racial manifestations made her working conditions at Auburn Bank pervasively hostile. Specifically, Linda Torbert, a Caucasian female and Auburn Bank employee, routinely mistreated Ms. Baker because of her African-American race, frequently exhibiting a racial consciousness towards Ms. Baker.

8.      Ms. Torbert in general spoke badly about African-Americans, singling out African-Americans by using a racial descriptive term when she said "black (so and so)". On one occasion, Ms. Torbert referred to an African-American customer as a "black bitch" after Ms. Torbert had hung up on a telephone conversation with said customer. In addition, Ms. Torbert has referred to another customer as a "black heifer."

9. On one occasion, Ms. Torbert told Ms. Baker "you sound ghetto." Further, Ms. Torbert threatened to quit her job if Ms. Baker were promoted to a managerial level position.

10. Ms. Baker avers that Ms. Torbert made false complaints against her to Ms. Pam Fuller, a Caucasian female, and to Auburn Bank's Vice President of Operations.

11. Ms. Baker further avers that Ms. Fuller appeared to listen only to certain Caucasian employees who would express negative views about Ms. Baker, and never listened to more the positive opinions of Ms. Baker expressed by other employees.

12. Ms. Baker avers that all of Auburn Bank's senior managers were Caucasian.

13. As a result of the racial animosity practiced towards her, Ms. Baker was demoted from her position as Assistant Bookkeeping Manager down to Bookkeeping Clerk. Ms. Baker further avers that she was blindsided by this demotion because she was never informed that she was "under investigation" by Auburn Bank management. Notwithstanding the demotion, Ms. Baker continued to perform the job requirements of both the Assistant Bookkeeping Manager and the Bookkeeping Manager.

14. Ms. Baker also avers that the racial animosity and hostile environment caused her to experience stomach pains, gastroenteritis, anxiety and depression. In addition, this pervasively cold and hostile working environment forced Ms. Baker to resign from her position at Auburn Bank, on or about September 8, 2016, in what Ms. Baker considered to be a constructive discharge.

15. As a result of Ms. Baker's constructive discharge, she has lost income, and suffered severe mental anguish.

### IV. PLAINTIFF'S FIRST CAUSE OF ACTION
### RACE DISCRIMINATION

16. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 15 above, the same as if more fully set forth herein, and further avers that the Defendant's actions toward her violated her right to be free of racial discrimination in employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, (42 U.S.C. § 2000(e), et seq.), and the 1991 Civil Rights Act, and 42 U.S.C. 1981 and 1981(a).

17. As a proximate cause of Defendant's afore-described actions in discriminating against Plaintiff, due to her race, Plaintiff was injured and damaged, as set forth in paragraphs 1 through 15 above and by virtue of her constructive discharge lost income and other valuable benefits of employment. In addition, Plaintiff has suffered considerable mental and emotional anguish.

18. Plaintiff avers that she has pursued and exhausted her administrative remedies.

### **PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Baker respectfully prays that this Court grant the following relief:

a) Judgment declaring that the Defendant discriminated against Plaintiff, on the basis of Plaintiff's race;

b) An order granting Plaintiff compensation for rights to which Plaintiff would have been entitled, had Plaintiff not been the victim of race discrimination, effective from the date of final judgment;

c) An award of compensatory damages, including for mental anguish, to which Plaintiff may be entitled;

d) An award of punitive damages, due to the egregious nature of the race discrimination practiced against Plaintiff so openly tolerated, ratified and acquiesced in by the Defendant;

e) An award of all court costs and fees, including those incurred for seeking administrative relief; and

f) Such further, other and different relief as the Court may deem appropriate and necessary.

## V. PLAINTIFF'S SECOND CAUSE OF ACTION

### RACE-BASED COLD AND HOSTILE WORKING ENVIRONMENT

19. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 - 15 above, the same as if more fully set forth herein, and further avers that the Defendant's actions toward her violated her right to be free of a race-based cold and hostile working environment in employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, (42 U.S.C. §2000(e), et seq.), as amended by the 1991 Civil Rights Act.

20. As specifics for the race-based cold and hostile work environment that Plaintiff suffered, Plaintiff cites the facts set forth particularly in the statement of facts above, paragraphs 1 -15 above.

21. As a proximate cause of Defendant's afore-described actions in discriminating against Plaintiff, due to her race, Plaintiff was injured and damaged, as set forth in paragraphs 1 through 15 above and by virtue of her constructive discharge lost income and other valuable benefits of employment. In addition, Plaintiff has suffered considerable mental and emotional anguish.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that this Court grant the following relief:

a) A judgment declaring that the Plaintiff was subjected to an egregious race-based hostile work environment;

b) An award of compensatory damages, including for mental anguish, to which Plaintiff may be entitled;

c) An award of punitive damages due to the egregiousness of Defendant's wrongdoing;

d) An award of all court costs and fees, including those incurred for seeking administrative relief;

e) Such further, other and different relief as the Court may deem appropriate and necessary.

Respectfully submitted this 14 day of July, 2017.

Brittany Baker, Plaintiff

*/s/ Brittany Baker*

Brittany Baker
101 Lynn Drive, Apt. C.
Tuskegee, AL 36083
(334) 339-2451

## JURY DEMAND

Plaintiff hereby requests trial by jury on all issues so triable.

*Brittany Baker*
Brittany Baker, pro se
101 Lynn Dr. Apt C
Tuskegee, Al 36083
(334) 239-2451

**NOTE FOR SERVICE:**

Please serve the following Defendant via Certified Mail at the address listed below:

Auburn Bank
100 N. Gay Street
Auburn, Alabama 36830

7